UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| SHELBY INDUSTRIAL PARK, INC., *et al.*, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| vs. | ) Case No. 1:06-cv-1150-TWP-DML |
| | ) |
| THE CITY OF SHELBYVILLE, INDIANA, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## **ENTRY ON MOTIONS IN *LIMINE*** 

This matter is before the Court on the parties' Motions in *Limine*. The court excludes evidence on a motion in *limine* only if the evidence clearly is not admissible for any purpose. *See Hawthorne Partners v. AT & T Technologies, Inc.*, 831 F. Supp 1398, 1400 (N.D. Ill. 1993). Unless evidence meets this exacting standard, evidentiary rulings must be deferred until trial so questions of foundation, relevancy, and prejudice may be resolved in context. *Id*. at 1400-01. Moreover, denial of a motion in *limine* does not necessarily mean that all evidence contemplated by the motion is admissible; rather, it only means that, at the pretrial stage, the Court is unable to determine whether the evidence should be excluded. *Id*. at 1401.

*Plaintiffs' Motions in Limine*

Plaintiffs have filed three Motions in *Limine* (Dkt. 172). Each is addressed in turn below.

**A.** **Motion in *Limine* 1**

Plaintiffs' Motion in *Limine* 1 seeks to bar evidence relating to the criminal histories of Plaintiffs and one witness. Plaintiffs – Randy Robinson, Anthony Baird, Rodney Jeffries, Derek Brown, Gill Hadix, and Victor Noel – and expected witness William Noah all have prior

criminal arrests or convictions. Plaintiffs argue that, with a few limited exceptions, these criminal histories are inadmissible.

To resolve this issue, the Court must first explore *why* Defendants want to introduce this evidence. As Plaintiffs correctly note, criminal history evidence is not admissible under Fed. R. Evid. 404 to show propensity or that Plaintiffs and/or Noah were likely to commit a crime, resist arrest or detention, or otherwise pose a threat to the officers on the day of the incident in question. Similarly, Defendants cannot introduce this evidence to show that the force used by Officer Renbarger (the officer who held Plaintiffs at gunpoint using a machine gun) was reasonable, given that he was not aware of Plaintiffs' criminal histories. After all, unknown facts could not possibly enter an officer's reasonableness calculation. *See Whithers v. Riley*, 1994 WL 91960, at *3 (N.D. Ill. March 18, 1994) ("Unknown information is not information upon which a reasonable person is likely to act."). On these fronts, Defendants do not make a contrary argument.

Defendants do, however, argue that criminal history evidence is admissible because it is intertwined with Plaintiffs' damages claim. The centerpiece of Plaintiffs' damages argument is that they have suffered mental distress and trauma stemming from Officer Renbarger's use of a machine gun to hold them in Joe Baird's shop. Defendants argue that prior arrests and incarcerations are relevant to whether Plaintiffs were *actually traumatized* by the events in question. Plainly stated, Defendants contend if this isn't the Plaintiffs' first rodeo with the police, the jury should be allowed to consider that fact. Defendants have some legal authority to back this position. *See Redmond v. City of Chicago*, 2008 WL 539164, at *2 (N.D. Ill. Feb. 26, 2008) ("Evidence concerning Redmond's prior arrests is relevant because if Redmond had been

2

arrested on prior occasions the trier of fact could conclude from such evidence that Redmond would not have been as emotionally traumatized by the May 8, 2004, arrest as he claims since he had already experienced the arrest process on prior occasions."); *Gribben v. City of Summit*, 2010 WL 2928094, at *3 (N.D. Ill. July 20, 2010) ("Yet, if presented with evidence that Mr. Gribben had been arrested and incarcerated numerous times in the past, the jury could conclude that Mr. Gribben would not have been as emotionally traumatized by the arrest on January 6, 2007 as he claims to have been.").

Plaintiffs counter that the arrests are irrelevant to their damages claim. After all, their trauma-related damages stem from being held at gunpoint with a machine gun, not from getting arrested. Moreover, there is no evidence that Plaintiffs have been held at gunpoint in conjunction with any prior arrests. Stated differently, being held at gunpoint with a machine gun is on a completely different scale than being subjected to a typical arrest. To support their position, Plaintiffs rely heavily on *Fitzpatrick v. City of Fort Wayne*, 259 F.R.D. 357, 363 (N.D. Ind. 2009) (evidence of prior school discipline ruled inadmissible, despite argument that such discipline was relevant to the damages plaintiff suffered when he was arrested and incarcerated).

Most of the authority cited by the parties, while well-taken, is distinguishable. For instance, *Redmond* reasoned that plaintiff's prior experience with the *arrest process* could make him less likely to be traumatized. Here, Plaintiffs' damages stem from the use of a machine gun – not the arrest process. In fact, no evidence suggests that Plaintiffs have any familiarity with being held at gunpoint. Defendants' other case – *Gribben* – is similar in nature. Finally, Plaintiffs' key case – *Fitzpatrick* – is also readily distinguishable, as it involved school discipline. Obviously, school discipline is innocuous compared to arrest and incarceration. On

balance, the parties' legal authority is essentially a "wash."

Moreover, the Court's own research has revealed cases that stand for the proposition that to be relevant in the context of emotional damages, "the arrests must be substantially similar and the court must conduct a prejudice analysis." *Blackwell v. Kalinowski*, 2011 WL 1557542, at *4 (N.D. Ill. April 25, 2011) (citations and internal quotations omitted; denying motion in *limine* so that it could make a similarity determination at trial). In the Court's view, this is an appropriate standard to apply under the circumstances. Thus, in the end, the Court finds that the danger of unfair prejudice flowing from prior arrests and incarcerations substantially outweighs any probative value. This ruling is strongly reinforced by the *nature* of Plaintiffs' and Noah's arrests in this case. Judging by their criminal histories, these are not hardened criminals that are likely desensitized to the prospect of being held at gunpoint. In fact, all of their arrests are for non-violent and non-weapons related offenses.

An exhaustive list of these arrests and convictions follows: (1) Randy Robinson, convicted of altering a VIN and stealing chemicals in 1975 and arrested for stealing automobiles and automobile parts in 2000; (2) Anthony Baird, arrested for loud music at a party in 2002; (3) Gill Haddix, arrested and convicted for DUI (1970's) and arrested and acquitted for reckless driving (1980's); (4) Victor Noel, arrested and convicted for DUI in 1991 and public intoxication (date unclear); (5) Rodney Jeffries, arrested for four driving-related charges and two arrests for assault (dates uncertain); (6) Derek Brown, arrested and convicted for theft (1988), public intoxication (1990, 1991, and 1998), possession of marijuana (twice in 1997), and DUI (2004); and (7) William Noah, arrested three times for DUI, resulting in two convictions (date unclear). Simply stated, in the Court's view, no reasonable juror could fairly infer that these instances

meaningfully affect Plaintiffs' trauma-related damages.

The final potential purpose for admitting these convictions relates to impeachment. Specifically, Fed. R. Evid. 608 and 609 allow a party to introduce evidence of criminal history to attack a witness' credibility under certain circumstances. Here, Plaintiffs concede that some convictions are admissible under Fed. R. Evid. 609(a) but argue that the remaining convictions and arrests are inadmissible. Defendants do not make a contrary argument. Accordingly, the Court sides with Plaintiffs.

For these reasons, Plaintiffs' Motion in *Limine* 1 is **GRANTED**. The Court bars evidence concerning the criminal histories of Randy Robinson, Anthony Baird, Gill Haddix, Victor Noel, Rodney Jeffries, Derek Brown, and William Noah, unless such evidence is admissible under Fed. R. Evid. 609.

**B.     Motion in *Limine* 2**

Plaintiffs' Motion in *Limine* 2 seeks to bar evidence of the settlement between certain Plaintiffs and James Beard/NICB. The claims against Beard (and NICB) were virtually identical in substance to Plaintiffs' remaining claim against McCracken. Specifically, these claims relate to whether McCracken (or Beard at McCracken's behest) exceeded the scope of the search warrant by lifting a tarp to search a boat in the warehouse. Plaintiffs argue that Beard's decision to settle has no bearing on McCracken's liability. Moreover, if set-off issues arise, the Court should resolve them. *See Brugos v. Nannenga*, 2007 WL 79307, at *5 (N.D. Ind. Jan. 8, 2007) ("evidence of partial settlement agreements should not be admitted as evidence at trial; instead the trial court judge may use such evidence to adjust the jury verdict). The Defendants concede they have no intention of offering settlement-related evidence to the jury. Therefore, Plaintiffs'

5

Motion in *Limine* 2 is **GRANTED**. Evidence that Plaintiffs Randy Robinson, Joe Baird, Randy's Auto Sales, and Shelby Industrial Park settled their claims against James Beard and NICB is excluded.

**C.      Motion in *Limine* 3**

Plaintiffs' Motion in *Limine* 3 seeks to bar evidence that one of the detained individuals had an outstanding arrest warrant. Defendants do not contest this Motion. Accordingly, Motion in *Limine* 3 is **GRANTED**, and evidence relating to Rodney Girdler's outstanding arrest warrant is excluded.

*Defendants' Motions in Limine*

Defendants have filed four Motions in *Limine* (Dkt. 168). Each is addressed in turn below.

**A.      Motion in *Limine* 1**

Defendants' Motion in *Limine* 1 seeks to bar evidence or insinuation that Defendants may be covered by liability insurance for Plaintiffs' claims. Plaintiffs agree, as does the Court. Defendants' Motion in *Limine* 1 is therefore **GRANTED.**

**B.      Motion in *Limine* 2**

Defendants' Motion in *Limine* 2 seeks to bar evidence relating to settlement negotiations. Generally, such evidence is prohibited by Fed. R. Evid. 408. Motion in *Limine* 2 is **GRANTED**.

**C.      Motion in *Limine* 3**

Defendants' Motion in *Limine* 3 seeks to bar evidence relating to Defendant McCracken's initial inspection of the 1937 Lincoln Zephyr and the related application for a

search warrant. Plaintiffs agree that the propriety of the warrant is not at issue. Therefore, the Court will only focus on McCracken's initial inspection.

In a somewhat conclusory fashion, Defendants argue that the initial inspection is irrelevant. Plaintiffs disagree, countering that McCracken's initial visit is relevant to the excessive force claim against Defendant Renbarger. Specifically, "evidence that Joe Baird was cooperative during the VIN check and evidence concerning McCracken's observations about who and how many people were present on the premises is relevant." (Dkt. 184 at 2). Simply stated, no red flags were raised during the initial inspection. According to Plaintiffs, this fact arguably bolsters the notion that Renbarger acted unreasonably when he used a machine gun.

The Court is inclined to agree, as this background appears to provide relevant context for making a reasonableness determination. If, on the flip side of the coin, McCracken observed issues during his first visit that heightened his safety concerns, these red flags would be relevant to a reasonableness determination. *See, e.g., More v. City of Braidwood*, 2010 WL 3547964, at *3 (N.D. Ill. Sept. 7, 2010) ("the officers' prior interactions with the plaintiff, which apparently included some resistance, inform the reasonableness of the force used by the officers in the instant case"). Accordingly, Defendants' Motion in *Limine* 3 is **DENIED**.

That said, the Court would be remiss not to mention that it has some foundational concerns about this evidence. If, for instance, Renbarger did not know about the initial inspection and simply decided to use a machine gun on his own volition, then information relating to the initial inspection would appear to be irrelevant. However, the Court will wait until trial to resolve this issue, so that it can do so in context.

7

**D.    Motion in *Limine* 4**

Defendants' Motion in *Limine* 4 seeks to bar evidence relating to McCracken's past investigatory conduct. Specifically, Defendants argue that prior performance complaints about McCracken's past work are irrelevant. The Court agrees, and Motion in *Limine* 4 is **GRANTED**. If, however, McCracken presents himself as an exemplary officer with a spotless record or otherwise "opens the door", then the Court will give Plaintiffs some latitude in this area.. If Plaintiffs believe such evidence becomes relevant and admissible during trial, they should request a hearing outside the presence of the jury.

*Conclusion*

For the reasons stated herein, Plaintiffs' Motions in *Limine* 1, 2, and 3 (Dkt. 172) are **GRANTED**. Defendants' Motions in *Limine* (Dkt. 168) 1, 2, and 4 are **GRANTED** and Motion in *Limine* 3 is **DENIED**.

SO ORDERED.

Date: 08/09/2011

_____
Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

Distribution attached.

Distribution to:

Samuel Mark Adams
MICHEAL K. SUTHERLIN AND ASSOCIATES
msutherlin@gmail.com

Thomas R. Haley III
JENNINGS TAYLOR WHEELER & HALEY
thaley@jtwhlaw.com

Charles T. Jennings
JENNINGS TAYLOR WHEELER & HALEY
chuckj@jtwhlaw.com

Susan L. Lee
STEPHENSON MOROW & SEMLER
jstephenson@stephlaw.com

Jonathan Lamont Mayes
CITY OF INDIANAPOLIS, CORPORATION COUNSEL
jmayes@indygov.org

Jonathan E. Palmer
JONATHAN E. PALMER
jpalmerlaw@comcast.net

Ronald J. Semler
STEPHENSON MOROW & SEMLER
rsemler@stephlaw.com

James S. Stephenson
STEPHENSON MOROW & SEMLER
jstephenson@stephlaw.com

Michael K. Sutherlin
MICHAEL K. SUTHERLIN & ASSOCIATES, PC
msutherlin@gmail.com

Alexander Phillip Will
OFFICE OF CORPORATION COUNSEL
awill@indygov.org