UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| SHELBY INDUSTRIAL PARK, INC., <br> JOE BAIRD, RANDALL ROBINSON, <br> ANTHONY J. BAIRD, DEREK BROWN, <br> GILL HADDIX, RODNEY R. JEFFRIES, and <br> VICTOR NOEL, <br><br>    Plaintiffs, <br><br>       v. <br><br> THE CITY OF SHELYVILLE, INDIANA, <br> OFFICER JAMES MICHAEL McCRACKEN, and <br> OFFICER JOHN RENBARGER, <br><br>    Defendants. | Case No. 1:06-cv-1150-TWP-DML |

**ENTRY AND ORDER**
**FOR FINAL PRETRIAL CONFERENCE**

This matter is before the Court for a final pretrial conference on August 10, 2011. Plaintiffs appear by counsel, Jonathan Palmer, Michael Sutherlin, and Samuel Adams. Defendants appear by counsel, James Stephenson and Ronald Semler. The Court Reporter is Fred Pratt. This four-day jury trial is scheduled to commence on **August 29, 2011 at 9:00 a.m.** The doors to the courtroom will be unlocked at 7:30 a.m., the jury panel will arrive by 8:15 a.m., and the lawyers are to arrive no later than 8:30 a.m. on the first day of trial. At the final pretrial conference, the trial of this case was discussed and the following rulings were made and directions given pursuant to Trial Rule 16.

    1. The Court inquired whether Shelby Industrial Park, Inc. is still a party to this case. The parties will attempt to arrive at a consensus on this issue and notify the Court by Monday, August 15. Otherwise, the Court will request briefing on this issue and make a ruling.

1

2. The Court intends to seat a jury of seven (requiring a unanimous verdict) for this trial which is now scheduled for four days. A panel of 25 prospective jurors will be called. The Courtroom Deputy Clerk will email the responses to juror questionnaires to the parties by noon on Friday, August 26. The Court will question the panel with its own voir dire and incorporate questions from counsel. Thereafter, counsel for Plaintiffs and Defendants will have up to 15 minutes per side for follow-up questions to the panel. Challenges for cause will be made at the bench. After challenges for cause are resolved, each side will have three peremptory challenges, which shall be exercised simultaneously and in writing on a form to be supplied by the Court. The Court intends to allow jurors to submit written questions to witnesses, following the procedures endorsed by the Seventh Circuit Bar Association's recent jury project.

3. Each side will have up to 20 minutes for opening statements. Plaintiff and defense counsel shall advise one another before opening statements of any demonstratives or other exhibits they intend to use, so that any objections may be resolved before the trial begins.

4. The Court reviewed each party's witness list. Plaintiffs withdrew a number of witnesses, including Mary (Chris) Scott, Noah Stroup, James Beard, Bryan Reed, Martha Higdon, David Scott, James Landwerlen, and Joe Hausperger. The withdrawal of Mr. Hausperger renders Defendants' corresponding objection (Dkt. 183 at 3) moot. Finally, because there is considerable overlap between the parties' expected witnesses, the Court requests that the parties, when appropriate, conduct a comprehensive examination of the witness to avoid calling the witness twice.

5. The Court reviewed each party's exhibit list and addressed related objections. The Court, having taken all exhibit-related objections under advisement, now rules as follows:

- a. <u>Plaintiffs' Exhibits 101-107</u> all relate to ownership of the 1937 Lincoln Zephyr.  Because these exhibits have some minor probative value and virtually no prejudicial effect, Defendants' objections are <u>overruled</u>.  However, when this evidence is introduced, the Court will admonish the jury that the parties do not contest the propriety of the search warrant for the Lincoln Zephyr.

- b. <u>Plaintiffs' Exhibit 109</u> relates to Officer McCracken's personnel file.  For the reasons explained in the entry on Motions in *Limine* (Dkt. 192), such evidence is barred and Defendants' objection is <u>sustained</u>.  However, as discussed, such evidence could become relevant if Officer McCracken "opens the door."

- c. <u>Defendants' Exhibits 202 and 203</u> are Shelbyville Police Department General Orders.  The Court finds that this evidence is relevant and not prejudicial if accompanied by the limiting instruction, contained in the parties' joint instruction packet. Accordingly, Plaintiffs' objection is <u>overruled</u>.

- d. <u>Defendants' Exhibit 211</u> is Officer McCracken's incident report.  Because this exhibit contains hearsay and is essentially cumulative, the Court <u>sustains</u> Plaintiffs' objection.  However, the report may be used to refresh a witness' recollection or for impeachment.

6. The Court informed Plaintiffs that if they intend to offer an actual assault rifle as an exhibit, they must consult the U.S. Marshals Service to formulate a plan for bringing the rifle into the building and courtroom and maintaining the firearm during the trial.

7. The parties must provide the Court with 4 copies of exhibit notebooks.

8. The parties' respective Motions in *Limine* were resolved by the Court in a single ruling (Dkt. 192).

9. The Court granted Defendants' oral request for separation of witnesses.  The Court will rely on the parties to police this ruling, and Room 345 will be available as a witness room.

10. The parties are to notify the Court if they believe that another settlement conference with Judge Lynch would be productive.

11. The Court will email the parties proposed preliminary instructions by Monday, August 22, 2011.  The parties have until Wednesday, August 24, 2011 to file objections.

12. The parties are ordered to collaborate and attempt to create a mutually agreeable Issue Instruction by Monday, August 22, 2011. If the parties are unable to reach an agreement, the Court will devise the Issue Instruction, which will be served on the parties by August 24, 2011.

13. The parties are to attempt to agree and thereafter file, any stipulations with the Court.

14. If the parties wish to receive further training on use of VEPS equipment, they may make an appointment with the Courtroom Deputy Clerk.

**SO ORDERED**.

Date: 08/10/2011

_____
Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

Distribution to:

Samuel Mark Adams
MICHEAL K. SUTHERLIN AND ASSOCIATES
msutherlin@gmail.com

Thomas R. Haley, III
JENNINGS TAYLOR WHEELER & HALEY
thaley@jtwhlaw.com

Charles T. Jennings
JENNINGS TAYLOR WHEELER & HALEY
chuckj@jtwhlaw.com

Susan L. Lee
STEPHENSON MOROW & SEMLER
jstephenson@stephlaw.com

Jonathan E. Palmer
JONATHAN E. PALMER
jpalmerlaw@comcast.net

Ronald J. Semler
STEPHENSON MOROW & SEMLER
rsemler@stephlaw.com

James S. Stephenson
STEPHENSON MOROW & SEMLER
jstephenson@stephlaw.com

Michael K. Sutherlin
MICHAEL K. SUTHERLIN & ASSOCIATES, PC
msutherlin@gmail.com

Alexander Phillip Will
OFFICE OF CORPORATION COUNSEL
awill@indygov.org